IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LINDA BALDWIN,                          §
                                        §
            Plaintiff                   §
                                        §
V.                                      §          1:15-CV-269  RP
                                        §
EXTENDED STAY AMERICA CO.,              §
HVM, L.L.C.,                            §
                                        §
            Defendant                   §

## ORDER

Before the Court is Plaintiff's Motion to Reopen, filed June 1, 2015 (Dkt. #11).      By way
of the motion, Plaintiff asks the Court to provide her relief from the judgment entered in this matter
on May 7, 2015 dismissing her claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

There are two rules of procedure which permit a litigant to seek relief from a judgment.
Rule 59(e) allows a party to move to "alter or amend a judgment," while Rule 60(b) allows a court
to "relieve a party . . . from final judgment" for specific enumerated reasons.  *Compare* FED. R. CIV.
P. 59(e), *with* FED. R. CIV. P. 60(b).  The question of whether Rule 59 or Rule 60 applies to a
motion to reopen "turns on the time at which the motion is served."  *Sentry Select Ins. Co. v. Home
State Cnty. Mut. Ins. Co.*, 582 F. App'x 284, 286 (5th Cir. 2014) (quoting *Lavespere v. Niagara
Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).  "If the motion is served within [the
window provided by Rule 59(e)], the motion falls under Rule 59(e); if it is served after that time, it
falls under Rule 60(b)."  *Id*.  Rule 59(e) motions may be filed "no later than 28 days after the entry
of the judgment."  FED. R. CIV. P. 59(e).

Plaintiff does not state in her motion under which Rule she is seeking relief.  However, she
filed her motion less than  28 days after the entry of judgment.  Accordingly, her motion is properly
considered under Rule 59.  A Rule 59(e) motion "calls into question the correctness of a judgment."

*In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  It is not the proper vehicle for presenting "legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).  Rather, the rule "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  Thus, reconsideration of a judgment after its entry is an extraordinary remedy to be used only sparingly.  *Templet*, 367 F.3d at 478; *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000).

A motion for reconsideration under Rule 59(e) provides an avenue for litigants to "clearly establish either a manifest error of law or fact or [ ] present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  Where the movant fails to provide new evidence or demonstrate a manifest error of law in the court's previous decision, the court may properly deny a Rule 59(e) motion.  *O'Hara v. Donahoe*, __ F. App'x __, 2014 WL 7210952, at *3 (5th Cir. Dec. 19, 2014).

This case was dismissed under 28 U.S.C. § 1915(e)(2) based on the Court's finding Plaintiff's claims were barred by the applicable statute of limitations.  Plaintiff fails to address the issue of limitations.  Plaintiff provides neither evidence nor argument demonstrating any error in the Court's ruling regarding the expiration of the statute of limitations.  Her Rule 59(e) motion is, therefore, properly denied.  *See United Nat'l Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) (Rule 59(e) motion must clearly establish either manifest error of law or fact or must present newly discovered evidence).

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Reopen (Dkt. #11) is hereby **DENIED**.

**SIGNED** on June 3, 2015.

2

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE